UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05- CV-10769-MLW

_____
                                            )
SCOTT BAMFORD,                              )
                                            )
    Plaintiff,                             )
v.                                          )
                                            )
KPMG, LLP and                               )
METROPOLITAN LIFE INSURANCE                 )
COMPANY,                                    )
                                            )
                                            )
    Defendants.                             )
_____)

JOINT STATEMENT REGARDING PRE-TRIAL MATTERS AND REQUEST FOR STAY

    Pursuant to Local Rule 16.1, the Defendants Metropolitan Life Insurance Company ("MetLife"), KPMG, LLP ("KPMG") and the plaintiff, Scott Bamford ("Bamford") hereby file this Joint Statement Regarding Pre-Trial Matters and Request for Stay.

1.    Preliminary Statement

    This is a claim for benefits arising under the Employment Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §1001, *et seq.* The plaintiff received long term disability ("LTD") benefits under the KPMG, LLP Employees Long Term Disability Plan ("the Plan"), beginning on February 25, 2002 until MetLife withdrew benefits withdrawn effective September 3, 2003, having found that plaintiff could perform the duties of his own occupation. The plaintiff administratively appealed this decision on or about December 15, 2003. MetLife upheld its decision by letter dated February 13, 2004. MetLife is the Claim Administrator for the Plan.

-2-

The Plan contains several provisions which are relevant to the resolution of the plaintiff's claim for benefits: 1) 24 month limitation on benefits for disabilities resulting from neuromusculoskeletal and soft tissue disorders and 2) offset for Social Security disability benefits.  If the 24 month limitation and the Social Security disability offset apply to the plaintiff's claim, no benefits will be due to the plaintiff under the Plan even if the Court determines that MetLife abused its discretion in determining that plaintiff could perform his own occupation.  As MetLife withdrew the plaintiff's claim for benefits prior to the 24 month limitation date of February 24, 2004, there has been no opportunity for a consideration as to whether the 24 month limitation, or its exceptions apply.  Nor has there been an opportunity for MetLife to determine whether plaintiff can perform any job for which he is qualified, as the Plan provides that after 36 months, benefits are only payable if he cannot perform any job. Accordingly, even if the plaintiff prevails, there will need to be a remand to the Claim Administrator for a determination whether the 24 month limitation, or its exceptions, apply to the plaintiff's benefits, and whether as of February 24, 2005, he could perform any job for which he is qualified.

In order to promote resolution of the case and to remedy this gap in the administrative record, the parties request that the action be stayed and propose the following schedule for consideration by the Court.

2. <u>Proposed Schedule and Request for Stay</u>

    a. The defendants have produced the Administrative Record for this matter.  The Administrative Record included the Claim File which MetLife considered for the claim determination  (Bamford 0001 – Bamford 0270).

b.  The Administrative Record will be reviewed again by MetLife to determine whether plaintiff is entitled to benefits under the Plan.

c.  The plaintiff will be provided an opportunity to provide additional information for the relevant time period to add to the Administrative Record. Plaintiff will have 45 days from the entry of a Scheduling Order staying the action to submit additional information to be considered.

d.  MetLife will review the entire file, and will make its determination within 45 days from the date plaintiff provides additional documents or notifies MetLife, through its attorney, that he will not be submitting documents. If MetLife determines that an extension of time is necessary, it shall be provided with an additional 45 days for the review, consistent with Department of Labor regulations.

e.  During this period of review by MetLife, this action shall be stayed.

f.  If the parties are unable to resolve the matter after the review by the MetLife, the parties shall request that this Court issue a Scheduling Order to permit the case to move forward.

3.  The defendants do not consent to trial by Magistrate Judge.

4.  The defendants and Bamford will be filing separately their Certificate(s) of Budget and ADR Conference.

Respectfully submitted,

SCOTT BAMFORD
By his attorney,

/s/ William J. McLeod
CMM per authorization 5/22/06
William J. McLeod (BBO# 560572)
McLeod Law Offices, PC
77 Franklin Street
Boston, MA  02110
(617) 542-2956

KPMG, LLP and METROPOLITAN LIFE
INSURANCE COMPANY OF AMERICA,
By their attorneys,

/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO# 262360)
Constance M. McGrane (BBO# 546745)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on May 23, 2006.

/s/ Constance M. McGrane
Constance M. McGrane, Esq.

254221.1

-4-